IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17-cr-30020 |
| IKE BROWN, JR., | ) ) ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Ike Brown, Jr.'s Amended Motion for Compassionate Release (d/e 50) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On August 16, 2017, Defendant Ike Brown, Jr. pled guilty to Count 1 of the Indictment for possessing with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and Count 2 for possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On December 12, 2017, Defendant was sentenced to

120 months of imprisonment on Count 1 and 60 months on Count 2 to run consecutively as well as a 5-year term of supervised release on each of Count 1 and 2 to run concurrently. Defendant is currently serving his sentence at MCFP Springfield, and he has a projected release date of December 29, 2029.

On July 9, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 47. On July 22, 2020, following the appointment of defense counsel to represent Defendant, an Amended Motion for Compassionate Release was filed. See d/e 50. Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic.

On July 27, 2020, the Government filed a response opposing Defendant's motion. See d/e 52. The Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction in his sentence and the factors set forth in 18 U.S.C. § 3553(a) do not warrant release.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See

18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis.

In this case, the Government argues that Defendant did not exhaust his administrative remedies or meet the 30-day requirement. See Response, d/e 52. The Court excuses Defendant's failure to exhaust his administrative remedies or meet the 30 days requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in

his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison.

Defendant is a 40-year-old African American male who complains of general failing health, obesity, a blood disorder, and a potential need to amputate his leg. See d/e 47, 50. Based on the medical records, as of April 2020, the osteomyelitis in Defendant's left ankle has resolved and no course of treatment involving amputation has been recommended. See d/e 54, p. 47. As of July 14, 2020, the only active medication prescribed to Defendant was Omeprazole, which is for gastrointestinal acid control. See id., at p. 46. As of that date, Defendant's list of current medical conditions did not include a blood disorder, and his condition of prediabetes has been resolved. See id., p. 43-45. While Defendant is considered obese, he has no other comorbidities that would increase the risks associated with COVID-19. See People with

Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 4, 2020).  Defendant has not presented any other evidence that he faces an increased risk of severe illness or death from COVID-19.

The COVID-19 pandemic does not warrant the release of every federal prisoner with medical concerns.  While the Court is sympathetic to Defendant's medical conditions, he has not shown that he would be at a higher risk at his facility than he would be if released.  In fact, Defendant is serving his sentence at MCFP Springfield, which is an administrative security federal medical center that has hospital level care.  MCFP Springfield has great access to medical services within its compound, including an x-ray unit, surgical unit, pharmacy, medical laboratory, physical therapy, a dialysis unit, and a mental health treatment unit.  See Federal Bureau of Prisons, Inmate Admission and Orientation Handbook – U.S. Medical Center for Federal Prisoners Springfield, Missouri, https://www.bop.gov/locations/institutions/spg/spg_ao_handbook050917.pdf, p. 4-5.  Additionally, MCFP Springfield has had a

limited number of COVID-19 cases at the facility.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 4, 2020).

The Court also considers that Defendant Brown is currently serving a combined 180-month term of imprisonment for possession with intent to distribute 50 grams or more of actual methamphetamine and for possession of a firearm in furtherance of a drug trafficking crime.  Defendant has a projected release date of December 29, 2029.  Defendant has only served 23% of his sentence as he has been incarcerated for 40 months of the 180-month sentence.  The Court finds, after reconsideration of the factors in § 3553(a), that Defendant is not entitled to compassionate release.

Defendant has also failed to submit any proposed release plan. Without a release plan, the U.S. Probation Office cannot make a recommendation and Defendant cannot safely be released into the community.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of

imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Brown's pro se motion for compassionate release (d/e 47) and amended motion for compassionate release (d/e 50) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.  The Clerk is DIRECTED to send a copy of this Opinion to MCFP Springfield.

ENTER:  August 4, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE